UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-80428-CIV-SINGHAL/McCabe

MARC SCOTT,

    Plaintiff,

v.

LIFE INSURANCE COMPANY
OF THE SOUTHWEST,

    Defendant.
_____/

## **ORDER**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Partial Summary Judgment, filed on June 17, 2022 (the "Motion") (DE [34]). Plaintiff filed an accompanying Statement of Undisputed Facts ("PSOF") (DE [35]). Defendant filed a Response (DE [44]) and accompanying Response Statement of Undisputed Facts ("DSOF") (DE [43]) on June 30, 2022. Plaintiff filed a Reply on July 7, 2022 (DE [47]). The Motion is now ripe for this Court's consideration.

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment "is appropriate only if 'the movant shows that there is no genuine [dispute] as to any material fact and the movant is entitled to judgment as a matter of law.'" *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014) (per curiam) (quoting Fed. R. Civ. P. 56(a));[1] *see also Alabama v. North Carolina*, 560 U.S. 330, 344 (2010).  "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an

---

[1] The 2010 Amendment to Rule 56(a) substituted the phrase "genuine dispute" for the former "'genuine issue' of any material fact."

otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). An issue is "genuine" if a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the nonmoving party in light of his burden of proof. *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014). And a fact is "material" if, "under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004). "[W]here the material facts are undisputed and do not support a reasonable inference in favor of the non-movant, summary judgment may properly be granted as a matter of law." *DA Realty Holdings, LLC v. Tenn. Land Consultants*, 631 Fed. Appx. 817, 820 (11th Cir. 2015).

The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *SEC v. Monterosso*, 756 F.3d 1326, 1333 (11th Cir. 2014). However, to prevail on a motion for summary judgment, "the nonmoving party must offer more than a mere scintilla of evidence for its position; indeed, the nonmoving party must make a showing sufficient to permit the jury to reasonably find on its behalf." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015). "[T]his, however, does not mean that we are constrained to accept all the nonmovant's factual characterizations and legal arguments." *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 459 (11th Cir. 1994).

Plaintiff contends there is no genuine issue of material fact that Decedent did not die from suicide or overdose through ingestion of Benadryl. *See* Motion, at 4. In support of this contention, Plaintiff cites an expert report prepared by Ronald K. Wright, M.D. which opines Decedent could not have died from Benadryl toxicity caused by suicide

2

because he only had about half the amount necessary in his blood to cause death. *Id.* at 5. Plaintiff additionally cites deposition testimony from George Behonick, Ph.D., who testified he could not state within a reasonable degree of medical certainty that the level of Benadryl in Decedent's blood sample was the cause of Decedent's death. *Id.* Thus, Plaintiff argues, because of the presumption against suicide, Defendant cannot prove Decedent died from suicide in light of these compelling undisputed facts.

The trouble with Plaintiff's arguments is that these purported undisputed facts are very much heavily disputed. With regards to Dr. Wright's report, Defendant notes that the opinions cited in the PSOF do not appear in the expert report. *See* DSOF, at 2. Moreover, Defendant adds, there is no evidence in the record to support Dr. Wright's conclusion that Fisher experienced exertion or excitement in the time period leading up to his death. *Id.* at 9. Furthermore, Defendant cites RFA and interrogatory responses from Plaintiff in which Plaintiff admitted Fisher died of Benadryl toxicity, contrary to the findings in Dr. Wright's report. *Id.*

Second, Defendant disputes Plaintiff's argument regarding Behonick's testimony. According to Plaintiff, Behonick testified that the concentration of Benadryl in Fisher's blood was capable of causing death and cited scientific literature documenting deaths with similar concentration levels. *Id.* at 3. Defendant adds numerous other statements of fact that go to the core question of fact alleged by Plaintiff to be undisputed—whether Plaintiff's death was the result of suicide by Benadryl overdose. Notably, only eight days before Decedent's death, Defendant asserts Decedent attempted to commit suicide by ingesting Advil and stated to dispatch, after calling 911, that he had ingested pills to commit suicide because he was "depressed and did not want to live anymore." *Id.* at 5.

The Court finds that whether Decedent commit suicide by ingestion of Benadryl is a disputed question of fact not fit for resolution at this phase. Accordingly, it is hereby

**ORDERED AND ADJDUDGED** that Plaintiff's Motion (DE [34]) is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 22nd day of September 2022.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF